UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| P.L. and B.D., by their next friends, BRIAN L. MONICAL and TERRI L. MONICAL, <br><br>    Plaintiffs, <br><br>v. <br><br>INDIANA DEPARTMENT OF CHILD SERVICES, MARY BETH BONAVENTURA, Director, In Her Individual Capacity, TERRY J. STIGDON, Director, In Her Individual Capacity, MISTY M. BULLERDICK, Supervisor, In Her Individual Capacity, CARISSA N. ROGERS, Family Case Manager, In Her Individual Capacity, TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES, HANK WHITMAN, Commissioner, In His Individual Capacity, JAIME MASTERS, Commissioner, In Her Individual Capacity, and JOHN ANTHONY DOSSEY, <br><br>    Defendants. | ) ) ) ) ) ) ) ) No. 3:20-cv-168 ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**COMPLAINT**
(Demand for Jury Trial)

    Come now the Plaintiffs, P.L. and B.D., by their next friends, Brian L. Monical and Terri L. Monical, by counsel, Robert W. Rock of Gerling Law

Offices, P.C., for their cause of action against the Defendants, and state as follows:

### Overview of Case and Controversy

1. This cause of action arises under the Fourteenth Amendment to the United States Constitution, and other federal laws, including, but not limited to, 42 U.S.C. § 1983, 42 U.S.C.A. § 671, and also a claim of common law negligence that arises from Plaintiffs' injuries that occurred as a result of the negligent placement by Defendants and subsequent sexual abuse of the minor children, P.L. and B.D., by John Anthony Dossey that took place sometime between December 11, 2017 and November 28, 2018. The Defendants acts and omissions also violated the "Interstate Compact On The Placement Of Children" codified at Ind. Code § 31-28-4-1, Ind. Code § 31-28-6-1, and Tex. Fam. Code Ann. § 162.102 (West).

2. Section 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges or immunities secured by the Constitution and laws." Section 1983 provides a private right of action for the violation of a federal statute when a person's federal rights have been violated. In this action, Plaintiffs allege that the Defendants, among other acts and omissions, violated the Adoption Assistance and Child Welfare Act of 1980 (42 U.S.C.A. §§ 671 *et seq.* (West)) and their federal rights.

### Jurisdiction and Venue

3. Jurisdiction is appropriate in this Court, pursuant to Title 28 U.S.C.A. § 1331 (federal question jurisdiction), Title 28 U.S.C.A. § 1332 (diversity

jurisdiction) because the matter in controversy exceeds the sum of $75,000.00 and is between citizens of different States, Title 28 U.S.C.A. § 1343 (federal civil rights jurisdiction), and Title 28 U.S.C.A. § 1367 (supplemental jurisdiction).

4. Venue is proper in this Court, pursuant to 28 U.S.C.A. § 1391 (West), because a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Indiana.

## Parties

5. Plaintiffs, P.L. and B.D., are minors and were placed in the care of Plaintiffs, Brian L. Monical and Terri L. Monical, on July 17, 2019, by Defendant, the Texas Department of Family and Protective Services.

6. Plaintiffs are residents of Lemoore, Kings County, California.

7. Defendant, Indiana Department of Child Services, is a department of the state of Indiana, pursuant to Indiana Code § 31-25-1-1.

8. Defendant, Mary Beth Bonaventura, was the duly appointed Director of the Indiana Department of Child Services until on or about December 26, 2017.

9. Defendant, Terry J. Stigdon, was the duly appointed Director of the Indiana Department of Child Services on or about December 27, 2017.

10. Defendant, Misty M. Bullerdick, was a supervisor for the Indiana Department of Child Services, who approved and supervised the Defendant, Carissa N. Rogers', investigation and report which was the basis for the removal of P.L. and B.D. from their mother's home in Vincennes, Knox County,

Indiana, on or December 8, 2017, and led to P.L.'s and B.D.'s eventual placement with Defendant, John Anthony Dossey.

11. Defendant, Carissa N. Rogers, was a "Family Case Manager" for the Indiana Department of Child Services, who investigated P.L.'s and B.D.'s home and prepared a report which was the basis for the removal of P.L. and B.D. from their mother's home in Vincennes, Knox County, Indiana, on or December 8, 2017, and led to P.L.'s and B.D.'s eventual placement with Defendant, John Anthony Dossey.

12. Defendant, Texas Department of Family and Protective Services, is a department of the state of Texas, pursuant to Tex. Hum. Res. Code Ann. § 40.002.

13. Defendant, Hank Whitman, was the duly appointed Commissioner of the Texas Department of Family and Protective Services until on or about May 28, 2019.

14. Defendant, Jaime Masters, was the duly appointed Commissioner of the Texas Department of Family and Protective Services on or about December 2, 2019.

15. At all times relevant herein, Defendant, John Anthony Dossey, was the agent of Defendants, Indiana Department of Child Services and Texas Department of Family and Protective Services, assigned with the care of the minor children and Plaintiffs herein, P.L. and B.D.

16. Defendant, John Anthony Dossey, was a resident of Gatesville, Coryell County, Texas.

### Tort Claim Notices

17. On March 30, 2020, notice required by the Indiana Tort Claims Act (Ind. Code § 34-13-3-6) was given to Defendants, Indiana Department of Child Services, Mary Beth Bonaventura, Terry J. Stigdon, Misty M. Bullerdick, and Carissa N. Rogers, by certified mail, return receipt requested, which described the nature and circumstances of Plaintiffs' injuries.

18. Defendants, Texas Department of Family and Protective Services, Hank Whitman, and Jaime Masters, had "actual notice," pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 101.101(c) (West), as required by the Texas Tort Claims Act, and were subjectively aware that they may or were responsible, in whole or in part, for the minor Plaintiffs injuries as alleged by the Plaintiffs herein. In any event, on March 30, 2020, additional notice, under the Texas Tort Claims Act, was given to Defendants, Texas Department of Family and Protective Services, Hank Whitman, and Jaime Masters, by certified mail, return receipt requested, which described the nature and circumstances of Plaintiffs' injuries.

### General Allegations

19. On or about December 8, 2017, minor Plaintiffs, P.L. and B.D., were removed from their mother's home by Defendant, Indiana Department of Child Services (IDCS), through its agents, servants and employees, in legal matters filed in the Knox County Superior Court: <u>In Re the Matter of P.L., A Child Alleged to be A Child in Need of Services</u>, Cause No. 42D01-1712-JC-000211,

and <u>In Re the Matter of B.D., A Child Alleged to be A Child in Need of Services</u>, Cause No. 42D01-1712-JC-000210, for care, placement, and supervision.

20. Sometime thereafter, the minor children, P.L. and B.D., were transported to the state of Texas and the Defendants placed the minor children in the care of Defendant, John Anthony Dossey of Gatesville, Texas, as the caregiver and/or "foster" parent for the minor Plaintiffs.

21. At all times mentioned, Defendant, IDCS, was a department of the state of Indiana, pursuant to Indiana Code § 31-25-1-1, and Defendant, Texas Department of Family and Protective Services (TDFPS), was a department of the state of Texas, pursuant to Tex. Hum. Res. Code Ann. § 40.002. Both Defendants were responsible for the placement and supervision of the minor children herein.

22. At all times mentioned, Defendants, Mary Beth Bonaventura, Terry J. Stigdon, Misty M. Bullerdick, and Carissa N. Rogers, were employees of the state of Indiana, acting within the course and scope of that employment. Defendant administrators, Bonaventura and Stigdon, were or are presently, and at all times mentioned, past and present Directors of the Indiana Department of Child Services and responsible for the administration and supervision of the IDCS, including Defendants, Misty M. Bullerdick and Carissa N. Rogers.

23. At all times mentioned, Defendants, Hank Whitman and Jaime Masters, were employees of the state of Texas, acting within the course and scope of that employment. Defendant administrators were or are presently, and

at all times mentioned, past and present Commissioners of the Texas Department of Family and Protective Services and responsible for the administration and supervision of the TDFPS.

24. Defendant, John Anthony Dossey, was, and at all times mentioned, a resident of Gatesville, Coryell County, Texas, and was an agent of the states of Indiana and Texas, acting within the course and scope of that agency.

25. At all times mentioned, Defendants, and each of them, were responsible for the care, placement and supervision of minor Plaintiffs under the court actions referred to above and the state of Texas, temporarily committing minor Plaintiffs to Defendants, IDCS and TDFPS.

26. Sometime on or before November 28, 2018, Defendant, John Anthony Dossey, engaged in illegal sexual abuse and assaults and improper sexual behavior with the minor Plaintiffs while they were living in his home in Gatesville, Texas, which resulted in the conviction of John Anthony Dossey for "Indecency with Child Sexual Contact" in the state of Texas and an eighteen (18) year sentence to the Texas Department of Corrections.

27. Defendants, and each of them, were negligent in failing to ascertain, prior to placing minor Plaintiffs in the home of Defendant, John Anthony Dossey, his propensity to sexually and physically abuse minor children.

28. Defendants, and each of them, were negligent in failing to remove minor Plaintiffs from the home of Defendant, John Anthony Dossey, when Defendants knew, or in the exercise of reasonable care, should have known, that the minor Plaintiffs would suffer abuse by Defendant, John Anthony

Dossey, in the home.

29. Defendants, and each of them, were negligent in failing to properly monitor and visit minor Plaintiffs in the home of John Anthony Dossey.

30. The deliberate indifference of the Defendants and their failure to exercise professional judgment and their policies, customs, and practices resulted in the placement of the minor Plaintiffs in an unsafe and dangerous environment and resulted in violation of the "Interstate Compact On The Placement Of Children" codified at Ind. Code § 31-28-4-1, Ind. Code § 31-28-6-1, and Tex. Fam. Code Ann. § 162.102 (West).

31. As a direct and proximate result of Defendants' negligence, as described above, minor Plaintiffs' substantive due process rights under the Fourteenth Amendment of the Constitution of the United States of America were violated; furthermore, the Plaintiffs suffered both physical and sexual abuse, causing minor Plaintiffs to suffer permanent physical, emotional, and mental impairments.

WHEREFORE, the Plaintiffs, P.L. and B.D., by their next friends, Brian L. Monical and Terri L. Monical, respectfully pray for judgement against the Defendants, in an amount sufficient to compensate the Plaintiffs for their injuries and damages, for costs of this action, including reasonable attorney fees, and for all other just and proper relief in the premises.

## **Jury Demand**

PLAINTIFFS RESPECTFULLY REQUESTS TRIAL BY JURY ON ALL ISSUES.

        Respectfully submitted,

        GERLING LAW OFFICES
        PROFESSIONAL CORPORATION

By <u>/s/ Robert W. Rock</u>
        Robert W. Rock # 14060-48
        519 Main Street
        P.O. Box 3203
        Evansville, IN  47731
        Tel. (812) 423-5251
        Email: robert@gerlinglaw.com

        ATTORNEYS FOR PLAINTIFFS